



# IN THE SUPERIOR COURT OF GUAM

GEORGE AND MATILDA KALLINGAL, PC,

    Plaintiff,

  vs.

DONALD T. WEN,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV0876-13**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Donald T. Wen's motion for summary judgment, filed August 27, 2014. Oral arguments were heard on October 13, 2014. Attorney Theresa G. Rojas appeared on behalf of Plaintiff and Attorney Nelson J. Xu represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This case arises out of a series of business dealings from April 2000 and December 2002 between Plaintiff George and Matilda Kallingal, PC and Defendant Donald T. Wen.

On August 27, 2014, Defendant filed a motion for summary judgment. Defendant argues that summary judgment is proper because Plaintiff asserts no disputed facts that the statute of limitation should be tolled. (Mot. Summ. J., 3-5, Aug. 27, 2014). Defendant further

argues that summary judgment is proper because Defendant was discharged in bankruptcy. *Id.* at 5-6.

On September 24, 2014, Plaintiff filed an opposition. Plaintiff asserts that its claims are not barred by the statute of limitations, as Defendant had been absent for an unknown amount of time and has not proven presence on Guam for any fixed amount of time, beyond a day or two, from 2002-2013, accumulated. (Opp'n Mot., 2-9, Sept. 24, 2014). Furthermore, Plaintiff claims that Defendant's patchwork of exhibits to provide proof of Defendant's presence and residency on Guam can be disputed. *Id.* at 9. In addition, Plaintiff contends that Defendant's debt is not dischargeable. *Id.* at 10.

On October 8, 2014, Defendant filed a reply. Defendant claims that Plaintiff's opposition failed to meet the summary judgment standard because Plaintiff has not shown any specific facts to support that its complaint should not be time barred, when filed more than 10 years later. (Reply, 1-2, Oct. 8, 2014). Defendant further argues that Plaintiff failed to meet the requirements in the tolling statute in 7 GCA § 11403. *Id.* at 2-4.

## DISCUSSION

### I. Summary Judgment Standard

Guam R. Civ. P. 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but

must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotation marks omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## II. Statute of Limitations

Under Guam law: "If, when the cause of action accrues against the person, he is out of Guam, the action may be commenced, within the term herein limited, after his return to Guam and if, after the cause of action accrues, he departs from Guam, the time of his absence is not a part of the time limited for the commencement of the action." 7 GCA § 11403 (2013).

Plaintiff's second amended complaint includes two charges: (1) fraud and deceit and (2) breach of contract. (Second Am. Compl., Apr. 15, 2014). The statute of limitations period for an action for relief on the ground of fraud is three years. 7 GCA § 11305(d) (2013). The statute of limitations period for an action for breach of a written contract is four years. 7 GCA § 11303(a) (2013). The crux of the parties' dispute in the present motion is whether there are any genuine issues of material fact as to Defendant's presence, or lack thereof, on Guam which may toll the statute of limitations period of the two charges pursuant to 7 GCA § 11403.

In this case, it is undisputed that the cause of action for fraud and deceit accrued from April 2000 through December 2002. (Second Am. Compl., Apr. 15, 2014); (Mot. Summ. J., 3, Aug. 27, 2014). It is also undisputed that breach of contract action is founded upon a promissory note that was executed on October 23, 2002. (Second Am. Compl., Apr. 15, 2014);

(Mot. Summ. J., 3, Aug. 27, 2014). Because this action was initiated on July 17, 2013, the statute of limitations will bar Plaintiff's fraud and deceit action if Defendant was present on Guam for three years or more between December 2002 and July 2013. Similarly, the statute of limitations will bar Plaintiff's breach of contract action if Defendant was present on Guam for four years or more between October 2002 and July 2013.

To demonstrate that there are no genuine issues of material fact as to Defendant's residency on Guam during the periods relevant to this action, Defendant submits the following documents:

> Exhibit 1: Defendant's Form I-864A, Affidavit of Support Under Section 213A of the Immigration and Nationality Act, and related documents, signed on August 20, 2003.
> Exhibit 2: Defendant's Chapter 7 Bankruptcy Petition, filed on April 16, 2004.
> Exhibit 3: Defendant's 2004 Individual Income Tax Return, filed jointly with his wife.
> Exhibit 4: Defendant's 2005 Individual Income Tax Return, filed jointly with his wife.
> Exhibit 5: Defendant's Final Decree of Divorce, filed on July 26, 2006.
> Exhibit 6: Articles of Incorporation of GRH Technologies Construction Co., Ltd., executed by Defendant, in his capacity as Director, on December 11, 2007.
> Exhibit 7: A letter addressed to Defendant in his capacity as General Manager of GRH Technologies Construction Co., Ltd., dated January 30, 2009.
> Exhibit 8: Defendant's US Passport, issued on October 15, 2008.
> Exhibit 9: Defendant's Guam Driver License, issued on December 12, 2012.

(Mot. Summ. J., Exhibit D, Aug. 27, 2014).[1]

In addition to the above documents, Defendant filed an affidavit of Nelson J. Xu, his legal counsel in the current proceeding, whereby his legal counsel attests that Defendant has been an active businessman in Guam since he was first retained in 2009 and that Defendant has always maintained his residence as well as his business on Guam. (Mot. Summ. J., Exhibit E, Aug. 27, 2014). Furthermore, Defendant asserts in the form of an affidavit that he maintained

---

[1] Exhibit D of Defendant's motion for summary judgment is an affidavit of Defendant which incorporates Exhibits 1-9.

permanent residence on Guam since 2000 and that he never spent a substantial period of time outside of Guam during that time. (Mot. Summ. J., Exhibit D, Aug. 27, 2014).

Viewing the above evidence in the light most favorable to the non-movant, Plaintiff, the Court finds that the above evidence is sufficient for the Court to find that there are no genuine issues of material fact as to Defendant's residency on Guam during the periods in question. *Edwards*, 2000 Guam 27 ¶ 7.

With respect to Defendant's passport, because there are 78 stamps of international travel and the visa stamps state that each stay may be at a maximum of 30 days' duration, Plaintiff multiplies 78 stamps by 30 days to argue that Defendant was out of Guam for 2340 days or six and a half years. (Opp'n Mot., 7-8, Sept. 24, 2014). Alternatively, Plaintiff argues that even if each travel period was for two weeks, Defendant would then have been out of Guam for three and a half years. *Id.* The Court finds this line of reasoning to be misleading. First, each stamp does not represent a period of travel abroad, as one's passport is stamped once upon the passport holder entering a country and then the passport is stamped again upon the person's departure from that country. Second, a closer look at Defendant's passport reveals Defendant's travels to the following countries and Defendant's stays in those respective countries:

1. Republic of China (Taiwan): Nov. 15, 2008 to Nov. 26, 2008;
2. Republic of China (Taiwan): Dec. 1, 2008 to Dec. 2, 2008;
3. Republic of China (Taiwan): Feb. 15, 2009 to Feb. 21, 2009;
4. Republic of China (Taiwan): Apr. 15, 2009 to Apr. 21, 2009;
5. Republic of the Philippines: Sept. 8, 2009 to Sept. 12, 2009;
6. Republic of Palau: Oct. 14, 2009 to Oct. 17, 2009;
7. Republic of China (Taiwan): Nov. 8, 2009 to Nov. 21, 2009;
8. Republic of China (Taiwan): Feb. 14, 2010 to Feb. 16, 2010;
9. Republic of the Philippines: Feb. 16, 2010 to Feb. 16, 2010;
10. Republic of China (Taiwan): Mar. 3, 2010 to Mar. 4, 2010;
11. Hong Kong: Mar. 4, 2010 to Mar. 6, 2010;
12. People's Republic of China: Mar. 6, 2010 to Mar. 9, 2010;
13. Republic of China (Taiwan): Mar. 9, 2010 to Mar. 9, 2010;
14. Republic of China (Taiwan): May 16, 2010 to May 22, 2010;
15. Republic of the Philippines: May 27, 2010 to May 31, 2010;
16. Republic of China (Taiwan): Dec. 29, 2010 to Jan. 1, 2011;
17. Republic of China (Taiwan): Jan. 12, 2011 to Jan. 18, 2011;
18. Republic of China (Taiwan): Feb. 13, 2011 to Feb. 19, 2011;
19. Republic of China (Taiwan): Jul. 6, 2011 to Jul. 9, 2011;

20. Republic of China (Taiwan): Aug. 31, 2011 to Sept. 3, 2011;
21. Republic of China (Taiwan): Feb. 15, 2012 to Feb. 25, 2012;
22. Republic of China (Taiwan): Jun. 6, 2012 to Jun. 19, 2012;
23. Republic of China (Taiwan): Jul. 4, 2012 to Jul. 29, 2012;
24. Hong Kong: Jul. 29, 2012 to Jul. 31, 2012;
25. People's Republic of China: Jul. 31, 2012 to Aug, 4, 2012;
26. Republic of China (Taiwan): Aug. 4, 2012 to Aug. 7, 2012;
27. Republic of China (Taiwan): Dec. 2, 2012 to Dec. 15, 2012;
28. Hong Kong: Jan. 14, 2013 to Jan. 16, 2013;
29. People's Republic of China: Jan. 16, 2013 to Jan. 21, 2013;
30. Republic of China (Taiwan): Mar. 24, 2013 to Apr. 10, 2013;
31. People's Republic of China: May 8, 2013 to May 11, 2013;
32. Republic of China (Taiwan): May 11, 2013 to May 15, 2013;
33. Republic of China (Taiwan): May 19, 2013 to May 20, 2013;
34. People's Republic of China: May 20, 2013 to May 24, 2013;
35. Republic of China (Taiwan): May 24, 2013 to May 25, 2013;
36. Republic of China (Taiwan): Aug. 4, 2013 to Aug. 10, 2013;
37. Republic of China (Taiwan): Sept. 8, 2013 to Sept. 18, 2013; and
38. Republic of China (Taiwan): Jan. 12, 2014 to Jan. 18, 2014.

(Mot. Summ. J., Exhibit D-8, Aug. 27, 2014).

The above dates show that Defendant was a frequent traveler but, at a minimum, this does not support a theory that Defendant resided somewhere other than Guam, especially when each of his travels were relatively short in duration. The Court notes that Defendant's travels to parts of the United States other than Guam might not be documented by Defendant's passport. However, combined with Defendant's attorney's affidavit, Defendant's affidavit, and the other documents, the Court finds that there is no genuine issue of material fact whether Defendant was present on Guam for the necessary time period to bar this action against him. *Edwards*, 2000 Guam 27 ¶ 7. The dates of Defendant's travel outside of Guam, documented above, indicate he was physically absent from Guam for a total of 214 days between November 15, 2008 and January 18, 2014 or, in other words, he was not present on Guam for an aggregate of approximately 7 months over a period of 5 years and 2 months. Conversely, Defendant sufficiently proved he was present on Guam for 4 years and 7 months during that time period. As stated above, Defendant must prove he was physically present for 3 years between December 2002 and July 2013 for the statute of limitations to bar Plaintiff's fraud and deceit

claim, and for 4 years between October 2002 and July 2013 for the statute of limitations to defeat the breach of contract claim. The Court finds Defendant has indeed proven as much.

As the movant for summary judgment, Defendant has the initial burden to show that there are no genuine issues of material fact regarding Defendant's residency on Guam. *Iizuka*, 1997 Guam 10 ¶ 8. The burden shifts to the non-movant to produce at least some significant probative evidence tending to support the complaint if the movant demonstrates that there are no genuine issues of material fact. *Id.* Defendant met his initial burden here. *Id.* However, Plaintiff failed to produce any significant probative evidence to support its claim as Plaintiff's opposition is a critique of the exhibits submitted by Defendant. *Id.* Therefore, Plaintiff failed to meet its burden in this motion, and summary judgment shall be awarded in favor of Defendant on the statute of limitations ground. *Id.*

## III. Bankruptcy

Defendant alternatively seeks summary judgment in his favor because Defendant was discharged for any debts he accrued before his bankruptcy proceeding. (Mot. Summ. J., 6, Aug. 27, 2014). It is undisputed that Defendant filed a Chapter 7 bankruptcy petition with the District Court of Guam and that Defendant was granted a discharge under section 727 of the United States Bankruptcy Code on July 27, 2004. (Mot. Summ. J., Exhibit F-G, Aug. 27, 2014).

Section 727 of the United States Bankruptcy Code provides: "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . ." 11 U.S.C. § 727 (2014). Sections 523(a) provides that section 727 does not discharge an individual debtor from any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > (B) use of a statement in writing--
> > (i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

. . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C. § 523(a) (2014).

In this case, Plaintiff is alleging a cause of action for (1) fraud and deceit and (2) breach of contract against Defendant. (Second Am. Compl., Apr. 15, 2014). The Court finds that Plaintiff's claims, if successful, will satisfy the enumerated sections 523(a)(2) and 523(a)(4) above. Therefore, the United States Bankruptcy Code does not bar Plaintiff's claims against Defendant and Defendant's motion denied as to this ground.

For these reasons, Defendant's motion for summary judgment on the ground of bankruptcy is denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant Donald T. Wen's motion for summary judgment is hereby GRANTED.

This matter is set for further proceedings on December 17, 2014 at 9:00 a.m.

SO ORDERED this 12TH day of December, 2014.

HONORABLE JAMES L. CANTO II
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Berman's;
Baumann's

Date: 12/12/14 Time: 8:40a

Deputy Clerk, Superior Court of Guam